## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

HOWARD ADAM FOX,

       Plaintiff,

v.                              Case No:   6:15-cv-157-Orl-41DAB

CITY OF ORLANDO POLICE
DEPARTMENT and ORANGE COUNTY
GOVERNMENT - OCSO,

       Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**   (Doc. No. 2)
>
> **FILED:**     **February 3, 2015**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and Plaintiff's Complaint be DISMISSED for lack of jurisdiction**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause

of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,  accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).   While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555. The Court may also dismiss the case or refuse to permit a pro se applicant to continue without payment of fees "if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2).

Applied here, Plaintiff's Complaint (Doc. 1) lists a hodge podge of case law and a laundry list of federal constitutional claims under the Fourth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act, the Rehabilitations Act, as well as citations to "federal criminal enforcement" statutes without tying any of the claims to the particular facts he sets forth in the Statement of Facts. Plaintiff's rambling Complaint describes several distinct circumstances – an arrest and subsequent trial for violating probation and seizure of certain personal property he had marked as "United States Ocean Rescue" alleged against Defendants City of Orlando Police Department and Orange County Government – Orange County Sheriff's Office.   However, the gist of Plaintiff's Complaint appears primarily to be challenging certain actions and rulings by the state judge during the trial of his case:

> The petitioner believes the rights of the plaintiff were violated due to the following reasons. The plaintiff's rights to procedural due process were constantly violated during the petitioners hearing process before Judge Adams on Jan 30, 2014.  Judge Adams on numerous occasions ordered Fox out of the courtroom during deliberations between the judge, Fox's attorney and the State Attorney.

> Judge Adams violated FSS-948.039 by ordering Fox to remove his legal and lawfully owned State and federally trademarked name and all his possessions with registered name removed and not to be in his possession at great expense to Fox as ordering this action as a technical

- 3 -

portion of his amended probation violated state law since the vehicle and items were not related to the circumstances of the offense committed in any way shape or form.

Judge Adams allegedly violated Judicial Canon 3 by making in factual, false and unsubstantiated prejudiced comments about Fox history on the record before Fox's attorney and the state attorney such as "People don't start acting like this at his age" and "Yeah, You, You don't act like this, without more than likely without getting a criminal record." Judge Adams also disparaged FOXs lawful federally trademarked name. The judge's comments and statement was non factual, false and baseless and border lining defaming since Fox had never been arrested or convicted of any crime before this event and even worked for the Orange County Sheriff's Office and was a graduate of the Seminole Police Academy as a Aux Police Officer.
* * *

Judge Adams by ordering Fox out of the courtroom numerous times during his hearing which resulted in additional points on his sentence and additional terms in his probation denied Fox his lawful right to meaningful opportunity to be heard through counsel on the issues being discussed since Fox could not hear the issues being discussed at all and it was not until Fox lawfully obtained a copy of the audio of the hearing did these issues come to light.
* * *

The US State Middle District of Florida should order the plaintiff to be made "Whole" again by expunging the arrest and subsequent charges against the plaintiff and or order the full restitution of the plaintiff's court imposed costs, fines, fees, compensatory and punitive damages and order the Orange County Sheriff's department and the Orlando Police Department to full reimbursement of the plaintiffs actual legal fees and actual losses of personal property due to the actions of the Orlando Police Department, Orange County Sheriff's Office, State of Florida Division of Corrections Probation Department and any and all respective governmental bodies that caused the plaintiff's losses due to violations of the plaintiffs state, federal and constitutional rights as afforded by law as well as allowing the ineffective assistance of [counsel.]

Doc. 1 at 22-25 (p. 9-12 of document).

State judges are immune from suit for actions taken in the course of their official duties. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.2000) (per curiam); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). Such immunity protects judges from liability for damages unless the judge acts in "clear

- 4 -

absence of all jurisdiction."[1] *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.   When a plaintiff fails to offer facts or law to support allegations that the judge is acting outside the scope of their normal judicial functions, or doing anything other than normal judicial function, they are entitled to absolute immunity.  *See Weaver v. Geiger,* 294 Fed.Appx. 529, 534, 2008 WL 4356267, 3 (11th Cir. 2008).   Accordingly, Judge Adams would be entitled to assert judicial immunity as an affirmative defense barring Plaintiff's claims against her.

To the extent Plaintiff may be attempting to state a claim against the police or sheriff's deputies who arrested him, such claims are also barred if a criminal judgment has been entered against him, and nothing in the Complaint indicates that a criminal judgment has been reversed, expunged, or invalidated, and any claim for compensatory damages would be precluded from review in this Court.  *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

It appears that Plaintiff was convicted and sentenced, since he seeks to have charges expunged and alleges that extra time should not have been added to his sentence.   It is not clear if an appeal is pending in the case or what the status is.   Regardless, the United States District Court "has no authority to review final judgments of a state court in judicial proceedings.   Review of such judgments may be had only in [the United States Supreme Court]."  *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923).   Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment."  *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018

---

[1] Similarly, "[a] prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004).

(11th Cir. 1988) ("[a federal district court] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment").

It also appears that Plaintiff is complaining about the seizure of his "trademarked" personal property (a vehicle and clothing embossed with "United States Ocean Rescue") allegedly searched and seized at the time of his arrest. Doc. 1.  Plaintiff generally cannot bring suit directly for a constitutional violation against a public entity such as the City of Orlando or the Orange County Government, but may assert properly-supported civil rights claims against the arresting officers or municipality[2] under 42 U.S.C. § 1983 for violation of his constitutional rights.   Plaintiff has failed to properly allege a claim under 28 U.S.C. § 1983, but assuming arguendo that he could recast his direct constitutional claims as civil rights claims for violation of the applicable constitutional provisions, he still could not state a claim for his arrests.   However, he may possibly state a claim for seizure of the "United States Ocean Rescue" items.   Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In addition, Plaintiff's Complaint failed to satisfy the minimal pleading standards set forth in the Federal Rules of Civil Procedure 8(a), 8(d), and 10(b).  Specifically, under Rule 8(a), a Complaint must include:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[2] It is also unlikely that Plaintiff could assert even a § 1983 claim against the City of Orlando Police Department, which does not appear to be a distinct entity separate and apart from the City itself.

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED.R.CIV.P. 8(a).

Rule 8(d) further requires that a Complaint be concise and direct. FED.R.CIV.P. 8(d). Further, under Rule 10(b), the plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED.R.CIV.P. 10(b). Finally, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

It is respectfully **RECOMMENDED** that, to the extent Plaintiff seeks to proceed on his Complaint without payment of fees, his application to proceed be **DENIED** without prejudice and his Complaint be **DISMISSED** with leave to amend **to assert only a § 1983 civil rights claim** against the officers or the municipality for violation of his rights under the Fourth and Fourteenth Amendment for wrongful seizure of his "United States Ocean Rescue" items as set forth above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 26, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties