# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOWARD ADAM FOX,**

      **Plaintiff,**

**v.**                                                 **Case No: 6:15-cv-157-Orl-41DAB**

**CITY OF ORLANDO POLICE DEPARTMENT and ORANGE COUNTY GOVERNMENT - OCSO,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** (Doc. No. 14)
>
> **FILED:**      May 28, 2015
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and Plaintiff's Amended Complaint be DISMISSED for lack of jurisdiction**.

*Procedural History*

Plaintiff filed his original Complaint on February 3, 2015, alleging constitutional claims arising out of his arrest and seizure of his property by City of Orlando police; he also filed a Motion for Leave to Proceed In Forma Pauperis. Docs. 1, 2. On February 26, 2015, the Court entered a Report and Recommendation that the Motion for Leave to Proceed in forma pauperis be denied and complaint be dismissed for lack of jurisdiction. Doc. 6. On March 31, 2015, District Judge

Mendoza adopted the Report and Recommendation, granting Plaintiff leave to amend his complaint before April 20, 2015, but limited to a civil rights claim under 42 U.S.C. § 1983 "against the officers or the municipality for violation of his rights under the Fourth and Fourteenth Amendment for wrongful seizure of his 'United States Ocean Rescue' items."  Doc. 12.  On April 17, 2015, Plaintiff filed his Amended Complaint.  Doc. 13.  On May 28, 2015, Plaintiff filed his renewed Motion for Leave to Proceed In Forma Pauperis.  Doc. 14.

### *Renewed Motion to Proceed In Forma Pauperis*

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat

the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).   While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555. The Court may also dismiss the case or refuse to permit a pro se applicant to continue without payment of fees "if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Judge Mendoza previously ordered Plaintiff to "file an Amended Complaint limited to a civil rights claim under 42 U.S.C. § 1983 'against the officers or the municipality for violation of his rights

under the Fourth and Fourteenth Amendment for wrongful seizure of his 'United States Ocean Rescue' items.'" Doc. 12.  Plaintiff has revised his original claims, however, his Amended Complaint (Doc. 13) still contains a laundry list of cases discussing generally federal constitutional claims under the Fourth and Fourteenth Amendments and "federal criminal enforcement" – even though that is not an issue in this case -- without tying any of these claims to the particular facts he sets forth in the Statement of Facts.   This entire section should not be included in a complaint.

Plaintiff's "Statement of Claim" cites 42 U.S.C. § 1983[1], which Judge Mendoza allowed Plaintiff to amend to proceed under; however, Plaintiff was ordered to limit his § 1983 claims to "violation of his rights under the Fourth and Fourteenth Amendment for wrongful seizure of his 'United States Ocean Rescue' items" which he has not done.  Instead, he includes information about Florida Statute § 316.2397 and § 843.085, governing certain lights and police badges, and Florida case law interpreting the statute.  Doc. 13 at 7.  In his Statement of Facts, Plaintiff has not limited the Amended Complaint to the seizure of his "United States Ocean Rescue" items, but includes the details of the arrest of him *personally.  See* Doc. 6.  Plaintiff contends he "deems the initial arrest to be a de facto arrest and should be suppressed and reversed" and he should have been read his *Miranda* rights.   As the Court has already explained, Plaintiff's arrest and conviction is not subject to review by this federal district court:

> To the extent Plaintiff may be attempting to state a claim against the police or sheriff's deputies who arrested him, such claims are also barred if a criminal judgment has been entered against him, and nothing in the Complaint indicates that a criminal judgment has been reversed, expunged, or invalidated, and any claim for compensatory damages would be precluded from review in this Court. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).   It appears that Plaintiff was convicted and sentenced,

---

[1] Plaintiff included citations to cases and case discussions that are not appropriate in a *complaint*, but may be asserted in response to a motion to dismiss or for summary judgment. Under Federal Rule of Civil Procedure 8(a), a Complaint must include "a short and plain statement of the grounds for the court's jurisdiction" in this case § 1983, and "a short and plain statement of the claim showing that the pleader is entitled to relief."

> since he seeks to have charges expunged and alleges that extra time should not have been added to his sentence. It is not clear if an appeal is pending in the case or what the status is. Regardless, the United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) ("[a federal district court] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment").

Doc. 6 at 5. It also appears that Plaintiff has included the details of his arrest and seizure of his property twice in nearly identical terms. It is not clear to the Court if there were two separate but similar arrests, but Plaintiff should state the facts of the search and seizure of the items in a non-redundant "short and plain statement." Doc. 13 at 8-12.

The Court once again reminds Plaintiff that, under Rule 8(a), a Complaint must include:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED.R.CIV.P. 8(a).

Rule 8(d) further requires that a Complaint be concise and direct. FED.R.CIV.P. 8(d). Further, under Rule 10(b), the plaintiff must state his claims "in **numbered paragraphs**, each limited as far as practicable to a single set of circumstances." FED.R.CIV.P. 10(b). Finally, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

It is respectfully **RECOMMENDED** that, to the extent Plaintiff seeks to proceed on his Complaint without payment of fees, his application to proceed be **DENIED** without prejudice and his Amended Complaint be **DISMISSED** with leave to amend **one final** time to assert only a §

1983 civil rights claim against the officers or the municipality for violation of his rights under the Fourth and Fourteenth Amendment for wrongful seizure of his "United States Ocean Rescue" items as set forth above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties