# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOWARD ADAM FOX,**

      **Plaintiff,**

**v.**                                         **Case No:   6:15-cv-157-Orl-41DAB**

**CITY OF ORLANDO POLICE**
**DEPARTMENT and ORANGE COUNTY**
**GOVERNMENT - OCSO,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 18)**
>
> **FILED:**      **August 10, 2015**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and Plaintiff's Amended Complaint be DISMISSED for lack of jurisdiction**.

*Procedural History*

Plaintiff filed his original Complaint on February 3, 2015, alleging constitutional claims arising out of his arrest and seizure of his property by City of Orlando police; he also filed a Motion for Leave to Proceed In Forma Pauperis. Docs. 1, 2. On February 26, 2015, the Court entered a Report and Recommendation that the Motion for Leave to Proceed in forma pauperis be denied and complaint be dismissed for lack of jurisdiction. Doc. 6. On March 31, 2015, District Judge

Mendoza adopted the Report and Recommendation, granting Plaintiff leave to amend his complaint before April 20, 2015, but limited to a civil rights claim under 42 U.S.C. § 1983 "against the officers or the municipality for violation of his rights under the Fourth and Fourteenth Amendment for wrongful seizure of his 'United States Ocean Rescue' items." Doc. 12.  On April 17, 2015, Plaintiff filed his Amended Complaint.  Doc. 13.  On May 28, 2015, Plaintiff filed his renewed Motion for Leave to Proceed In Forma Pauperis (Doc. 14), which this Court recommended be denied without prejudice on July 6, 2015, and his Amended Complaint be dismissed with leave to amend one final time.  Doc. 15.  On August 3, 2015, Judge Mendoza adopted the recommendation.  Doc. 16.  On August 10, 2015, Plaintiff filed the third iteration of his claims in his Second Amended Complaint (Doc. 17) and his (second) renewed Motion for leave to proceed in forma pauperis.  Doc. 18.

### *[Second] Renewed Motion to Proceed In Forma Pauperis*

As the Court has explained in this case previously, upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).   While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555. The Court may also dismiss the case or refuse

- 3 -

to permit a pro se applicant to continue without payment of fees "if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

### *Analysis of Plaintiff's § 1983 Claims in the Second Amended Complaint*

Judge Mendoza previously ordered Plaintiff to "file an Amended Complaint limited to a civil rights claim under 42 U.S.C. § 1983 "against the officers or the municipality for violation of his rights under the Fourth and Fourteenth Amendment for wrongful seizure of his 'United States Ocean Rescue' items." Doc. 12. On April 17, 2015, Plaintiff filed an Amended Complaint (Doc. 13) which continued to set forth a laundry list of cases discussing generally federal constitutional claims under the Fourth and Fourteenth Amendments, "federal criminal enforcement" and § 14141–even though he was granted leave to assert only a § 1983 claim–without tying any of his claims to the particular facts he set forth in the Statement of Facts. In addition, he included information from Florida Statutes and cases governing certain lights and police badges and details of his arrest, even though the Court had already explained that Plaintiff's arrest and conviction is not subject to review by this federal district court. *Id.* Plaintiff had also included the details of his arrest and seizure of his property twice in nearly identical terms which made it unclear to the Court if there were two separate but similar arrests. *Id*. The Court recommended dismissal with leave to amend to conform to the requirements of Rule 8(a), which Judge Mendoza adopted. Fed.R.Civ.P. 8(a) (a complaint must include a short and plain statement of the grounds for the court's jurisdiction and of the claim showing that the pleader is entitled to relief, as well as the relief sought).

Rather than following the Court's instructions to streamline his claims, in this his third attempt, Plaintiff has failed to revise certain claims and had insisted on including (despite explicit instructions not to) in the Second Amended Complaint "a federal criminal enforcement" claim and

a "42 U.S.C. § 14141 cause of action" – although those were not authorized in Judge Mendoza's previous Order.   Doc. 16.

Also counteracting the instructions by Judge Mendoza, Plaintiff has added parties and putative claims that are unsupportable.  In his latest set of allegations in the Second Amended Complaint, Plaintiff alleges: "This is a civil action by the plaintiff on behalf of his families [sic] Revocable Trust and his federally trademarked name of United States Ocean Rescue."  Doc. 17 ¶ 1.  In the Plaintiff's Statement of Facts, he alleges that "the defendants did unlawfully search and *seize the property lawfully registered to the trust and United States Ocean Rescue* in clear violation of his constitutional rights."  Doc. 17 ¶ 19.  Plaintiff proceeding *pro se* as a non-lawyer can only represent himself, he cannot represent any other entity, such as his family's Revocable Trust or "United States Ocean Rescue" (if such an entity even exists).  Local Rule 2.03(e) (entities such as corporations may appear and be heard only through counsel admitted to practice in the Court); *see Swenson v. United States*, No. 2:12-cv-2058, 2013 WL 147814 (E.D.Cal. Jan. 14, 2013) ("Representing the interests of the trust is not equivalent as representing a trust in a legal action, which requires a licensed attorney."); *Dillard Family Trust v. Chase Home Finance, LLC*, 3:11–CV–1740, 2011 WL 6747416, *5 (N.D.Tex. Dec. 23, 2011) (holding a non-attorney trustee may not represent a trust pro se and collecting cases).   It is also not clear what the trademarked name such as "United States Ocean Rescue" has to do with any of Plaintiff's civil rights claims in the case.  Plaintiff's allegations of "Counts 1-4" refer to search and seizure of property "lawfully registered to the trust and United States Ocean Rescue" and not to Plaintiff:

> Count 2. The Orange County Sheriffs deputies . . .unlawfully and illegally enter[ed] the plaintiff's residence and without a search warrant or probable cause … enter[ed] the residence and the vehicle legally registered to United States Ocean Rescue of the plaintiff and of his federally registered trademarked name, illegally search and seize the property of the plaintiff's lawfully owned trust items and the property of United States Ocean Rescue without a search warrant and while the

> plaintiff was unlawfully detained, the defendants did unlawfully search and seize the *property lawfully registered to the trust and United States Ocean Rescue* in clear violation of his constitutional rights.
>
> Count 3. The *evidence and property belonging to United States Ocean Rescue and the plaintiffs trust* was obtained as a result of an illegal search, without a warrant, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

Doc. 17 ¶ 19.

Plaintiff also failed to adequately describe any damage or injury arising from the seizure of his items, although he was ordered to do so in this Court's Report and Recommendation (Doc. 15 at 5), which was adopted by Judge Mendoza's previous Order. Doc. 16. Plaintiff seeks "nominal damages due to the unconstitutional actions of the [Defendants] for the unlawful search and seizure of the . . . federally trademarked items and family trust items." Doc. 17 ¶ 20. In addition to $145,000 in punitive damages, Plaintiff seeks compensatory damages of $70,000 as restitution of "all actual court fees, fines, administrative costs, jail charges, legal fees, attorney's fees, and actual loss of trademarked and Trust property to include illegal seizure of firearms, class 3 BATFE firearms, suppressors, ammunition, supplies, accessories, and the removal and destruction of the plaintiffs federally trademarked vehicle custom markings and emergency lighting, custom uniforms." Doc. 17 ¶ 23. Most of the damages sought relate to the prosecution of criminal charges against him for which he was convicted, and are not related to the seizure of the items in question.

Lastly, Plaintiff's claims as currently alleged do not state a claim upon which relief can be granted against the County for the actions of unidentified officers and deputies, and Plaintiff makes no allegations whatsoever[1] against the City of Orlando. Plaintiff lists as Defendants "the City of

---

[1] *See* Doc. 17 ¶ 19 ("Statement of Facts - Counts 1-4"). To the extent Plaintiff committed a typographical error in failing to include any allegation against the City of Orlando for the actions of police officers who participated in a search and seizure on July 4, 2013, his claim against the City would be barred on the same grounds, *i.e.*, a failure to allege a custom or policy caused the constitutional violation. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Orlando Police Department [and] its officers" and the "Orange County Government-OSCO and its deputies." Doc. 17.   Although Plaintiff would be able to sue the law enforcement officers/deputies who actually searched and seized the property at issue, he would not be able to state a claim against the Orange County Government, Sheriff's Office, or Sheriff as currently pled because he has failed to allege a custom or policy that led to the alleged constitutional violation and the municipalities cannot be held vicariously liable for the actions of their officers.

As an initial matter, under Florida law, the Orange County Sheriff's Department is not a legal entity subject to suit.  *See Duncan v. Lee County Sheriff's Office*, 2006 WL 2919027 (M.D. Fla. Oct. 11, 2006) (*Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992)).   To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an official capacity[2] action against the individual who holds the office responsible for the alleged wrong doing. *Id*. (citing Art. VIII, § 1(d), Fla. Const. (the Sheriff is the constitutional officer elected by the people)).

A plaintiff who wishes to sue the Sheriff of Orange County in his official capacity must properly allege claims relating to the conduct of the Sheriff's officers ***and*** a policy, custom, or practice on the part of the Defendants that was the "moving force" behind the alleged misconduct. *See Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *see also Jones v. Cannon*, 174 F.3d 1271, 1292 (11th Cir. 1999).   Through three iterations of the complaint in this case, Plaintiff has not alleged a custom or policy of Orange County that was the moving force behind the alleged misconduct.   Doc. No. 17.

---

[2]Plaintiff has not alleged that the Sheriff of Orange County was personally and directly responsible for the purposed unlawful conduct which allegedly resulted in a constitutional deprivation; thus, Plaintiff has not alleged a claim for a constitutional violation against the Sheriff in his individual capacity.  *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

- 8 -

To the extent Plaintiff is making a vicarious liability argument that the Sheriff or the Orange County Government is liable for the officers' alleged constitutional search and seizure, such an argument is barred by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). When the defendant in a § 1983 civil rights action is the county sheriff[3], the suit is effectively an action against the governmental entity he represents and governmental entities cannot be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell*, 436 U.S. at 694. Instead, a county government may be held liable only for the execution of a governmental policy or custom. *See Monell*, 436 U.S. at 694; *see also Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983.")).

It is well-settled that a county can be held monetarily liable only through a "'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,'" or "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking body." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690-91). A governmental entity is not liable under § 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees. *Monell*, 436 U.S. at 694. Plaintiff has failed to

---

[3] Plaintiff alleged in the body of the Second Amended Complaint that the "Orange County Florida Sheriff" was a Defendant. Doc. 17 ¶ 16.

allege any specific custom or policy which was the moving force behind the alleged deprivation of Plaintiff's constitutional rights[4].

It is respectfully **RECOMMENDED** that, to the extent Plaintiff seeks to proceed on his [Second] Amended Complaint (Doc. 17) without payment of fees, his application to proceed be **DENIED** without prejudice and his Second Amended Complaint (Doc.17) be **DISMISSED without leave to amend**.   Thereafter, the Case should be closed.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on August 28, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] Although Plaintiff does not specifically list any other defendants, he has tagged on "et al." to the caption of the Second Amended Complaint (Doc. 17); however, Plaintiff's case has been pending since February 3, 2015, with three iterations of the complaint and no specific individual law enforcement officers have been named as defendants.